**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CR-20-00101-JD |
| | ) | |
| HARVEY VALLES, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Defendant Harvey Valles' *pro se* Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the United States Sentencing Guidelines ("USSG") [Doc. No. 46] (hereinafter, "Motion"). The United States responded in opposition [Doc. No. 49], and the United States Probation Office ("USPO") filed a Preliminary Report for Consideration of Sentence Reduction Based on Amendment 821 ("Preliminary Report") [Doc. No. 47]. For the reasons stated below, the Court dismisses the Motion for lack of jurisdiction. Amendment 821 does not have the effect of lowering Mr. Valles' applicable guideline range, and thus, no reduction is authorized.

## I.    BACKGROUND

On June 19, 2020, Mr. Valles entered a plea of guilty to the two-count Information charging him with drug conspiracy (Count 1), in violation of 21 U.S.C. § 846, and felon in possession of firearms (Count 2), in violation of 18 U.S.C. § 922(g)(1). [Doc. Nos. 12, 14–19]. On October 26, 2020, the United States Probation Office filed the Final

Presentence Investigation Report ("PSR"). [Doc. No. 25]. The PSR assigned a base offense level of 28 for Count 1. PSR at ¶ 33. The probation officer then added a two-level enhancement under USSG § 2D1.1(b)(1) for possession of firearms; a two-level enhancement under § 2D1.1(b)(5) because methamphetamine was imported; a two-level enhancement under § 2D1.1(b)(12) because the defendant "maintained a premises for the purpose of distributing controlled substances"; and a two-level enhancement under § 3C1.2 because the defendant created a substantial risk of death or serious bodily injury while fleeing from law enforcement. *Id.* at ¶¶ 34–36, 39. After applying the enhancements, the PSR calculated an adjusted offense level of 36 for Count 1. *Id.* at ¶ 40.

The PSR assigned a base offense level of 24 for Count 2. *Id.* at ¶ 41. The probation officer then added a four-level enhancement under USSG § 2K2.1(b)(1)(B) because the offense involved nine firearms; a one-level enhancement under § 2K2.1(b)(4)(A) because the defendant possessed a stolen firearm; and a four-level enhancement under § 2K2.1(b)(6)(B) because the defendant "used or possessed any firearm or ammunition in connection with another felony offense." *Id.* at ¶¶ 42–44. After applying the enhancements, the PSR calculated an adjusted offense level of 33 for Count 2. *Id.* at ¶ 48.

Counts 1 and 2 were grouped pursuant to § 3D1.2(c) and assigned an adjusted offense level of 36, the highest of the two adjusted offense levels. *Id.* at ¶ 50. After a three-level reduction for acceptance of responsibility, the PSR calculated a total offense level of 33. *Id.* at ¶¶ 51–53.

Based on his criminal history, Mr. Valles had a subtotal criminal history score of seven. *Id.* at ¶ 63. Mr. Valles was assessed an additional two "status points" because he

committed the instant offense while under a criminal justice sentence imposed by the Oklahoma County District Court, bringing his total criminal history score to nine. *See id.* at ¶¶ 61, 64. With a total criminal history score of nine, Mr. Valles qualified for a criminal history category of IV. *See id.* at ¶ 65. Based on a total offense level of 33 and a criminal history category of IV, the PSR calculated Mr. Valles' advisory guideline range for imprisonment at 188 months to 235 months. *See id.* at ¶ 102.

At the sentencing hearing held on January 6, 2021, the Court adopted the PSR with a change that affected Mr. Valles' total offense level. [Doc. No. 39 at 1]. The Court sustained Mr. Valles' objections as to drug quantity, resulting in a new base offense level for Count 1 of 24. [Doc. Nos. 36 at 1 & 39 at 1]. This changed the adjusted offense level for Count 1 to 32. [Doc. No. 39 at 1]. Additionally, it resulted in the adjusted offense level of 33 for Count 2 becoming the higher of the two adjusted offense levels. *Id.* After a three-level reduction for acceptance of responsibility, Mr. Valles' final total offense level became 30. *Id.* With this adjustment, Mr. Valles' final guideline range for imprisonment was 135 months to 168 months. *Id.* The Court sentenced Mr. Valles to a term of imprisonment of 160 months for Count 1 and 120 months for Count 2. Judgment at 2 [Doc. No. 38]. The Court ordered the sentences to run concurrently. *See id.*

Mr. Valles asks the Court to reduce his sentence based on Amendment 821 to the United States Sentencing Guidelines. Motion at 1.

## II.   **DISCUSSION**

Congress has authorized courts to modify prison sentences only under limited circumstances. *See* 18 U.S.C. § 3582(c); *United States v. Mendoza*, 118 F.3d 707, 709

(10th Cir. 1997) (explaining that district courts lack inherent authority to modify a previously imposed sentence absent statutory authorization); *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996) (recognizing that a "district court is authorized to modify [the defendant's] sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so").

One basis of authority is 18 U.S.C. § 3582(c)(2), which allows for a possible sentence reduction for a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . ." 18 U.S.C. § 3582(c)(2). In such a case, the Court "may" reduce a sentence if doing so would be consistent with the factors in 18 U.S.C. § 3553(a) and consistent with the applicable policy statements issued by the Sentencing Commission. *See id.*

"Section 3582(c)(2) prescribes a two-step process." *United States v. Battle*, 706 F.3d 1313, 1317 (10th Cir. 2013). At step one, the district court must follow the Sentencing Commission's "'instructions in [USSG] § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized.'" *United States v. Piper*, 839 F.3d 1261, 1266 (10th Cir. 2016) (quoting *Dillon v. United States*, 560 U.S. 817, 827 (2010)); *see United States v. White*, 765 F.3d 1240, 1245 (10th Cir. 2014) (explaining that the first step, "a matter of law, is whether a sentence reduction is even *authorized*"). At step two, the district court considers whether such reduction "'is warranted in whole or in part'" based on the applicable § 3553(a) factors and policy statements. *Piper*, 839 F.3d at 1266; *see White*, 765 F.3d at 1245 (explaining that the

second step, "a matter of discretion, is whether an authorized reduction is in fact *warranted*"). Additionally, the district court "'may consider' the defendant's post-sentencing conduct." *United States v. Osborn*, 679 F.3d 1193, 1195 (10th Cir. 2012) (quoting USSG § 1B1.10, cmt. n.1(B)(iii)). Section 3582(c)(2), however, does not provide a new sentencing proceeding. *See Piper*, 839 F.3d at 1266 (explaining that § 3582(c)(2)'s process "authorize[s] only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding" (internal quotation marks and citations omitted)).

If a retroactive amendment to the guidelines "does not have the effect of lowering the defendant's applicable guideline range," a reduction in the defendant's sentence is inconsistent with the Sentencing Commission's policy statements and not authorized by § 3582(c)(2). USSG § 1B1.10(a)(2)(B). "Accordingly, a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) and is not consistent with [the Commission's] policy statement if . . . an amendment . . . is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision." USSG § 1B1.10, cmt. n.1(A).

Based on the Court's review of the parties' submissions and the USPO's Preliminary Report, the Court finds that Mr. Valles is not eligible for a sentence reduction under Part A of Amendment 821. Relevant here, under Part A, the defendant's "status points" are decreased by one if the defendant has seven or more criminal history points, and the defendant's "status points" are eliminated if the defendant has six or fewer

criminal history points. *See* USSG Suppl. to App. C, Amend. 821 (Part A). Applying Part A of Amendment 821, Mr. Valles' "status points" would be decreased by one, resulting in a criminal history score of eight, which still corresponds to a criminal history category of IV. Consequently, Mr. Valles would still have a total offense level of 30 and a criminal history category of IV, resulting in the same advisory guideline imprisonment range he was originally assessed—135 months to 168 months.

Because application of Part A of Amendment 821 concerning "status points" does not have the effect of lowering Mr. Valles' applicable guideline range, a reduction of his sentence would be inconsistent with the Sentencing Commission's policy statement in § 1B1.10(a)(2)(B) and unauthorized under § 3582(c)(2).[1] Thus, this Court lacks jurisdiction under § 3582(c)(2) to modify Mr. Valles' sentence and dismisses the Motion. *See White*, 765 F.3d at 1250 (explaining that where a defendant is "ineligible to receive a sentence reduction under § 3582(c)(2), . . . dismissal for lack of jurisdiction rather than denial on the merits is the appropriate disposition"); *see also United States v. Angulo-Lopez*, 755 F. App'x 811, 813 (10th Cir. 2018) (unpublished) (affirming the district court's dismissal for lack of jurisdiction where Amendment 782 did not affect the defendant's guideline range).

---

[1] Mr. Valles' criminal history points also make him ineligible for a sentence reduction under Part B of Amendment 821. *See* USSG Suppl. to App. C, Amend. 821 (Part B) (zero-point offenders).

III.    **CONCLUSION**

Accordingly, Defendant Harvey Valles' *pro se* Motion to Reduce Sentence

Pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the United States Sentencing

Guidelines [Doc. No. 46] is DISMISSED for lack of jurisdiction.

IT IS SO ORDERED this 10th day of May 2024.

_____
JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE